# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 23-7111**  **September Term, 2023**

**1:20-cv-03849-APM**

**Filed On:** February 20, 2024

Russell Lopes,

    Appellant

    v.

Washington Metropolitan Area Transit Authority,

    Appellee


**BEFORE:** Henderson, Millett, and Walker, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply; and the motion for summary reversal, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary reversal be denied and that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant asserts that the relocation of his workspace and appellee's alleged refusal to investigate his complaints were adverse actions for purposes of his Title VII retaliation claim. However, he did not squarely argue in district court that appellee's handling of his complaints was an adverse action, and this court generally does not consider arguments raised for the first time on appeal. See District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084 (D.C. Cir. 1984). In any event, appellant has not shown that the relocation of his workspace or the handling of his complaints was an adverse action. See Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006). Furthermore, the district court correctly held that appellant's constructive discharge claim failed because his retaliation claim did. See Carter v. George Washington University, 387 F.3d 872, 883 (D.C. Cir. 2004); Bishopp v. District of Columbia, 788 F.2d 781, 790 (D.C. Cir. 1986).

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-7111**  **September Term, 2023**

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**